Winn v. Neville.

---

T. H. WINN v. J. M. NEVILLE *et al.*
No. 15,574.    (98 Pac. 272.)

1. AGENCY—*Commission*. The evidence held to have no tendency to defeat recovery upon a note given for a real-estate agent's commission.

2. JURY AND JURORS—*Poll—Instructed Verdict*. The right to poll the jury denied because the verdict was instructed.

Error from Kearny district court; WILLIAM EASTON HUTCHISON, judge.   Opinion filed November 7, 1908. Affirmed.

*E. R. Thorpe, W. R. Hopkins,* and *R. J. Hopkins,* for plaintiff in error.

*R. E. Melvin,* and *Hoskinson & Hoskinson,* for defendants in error.

*Per Curiam:* The propriety of the district court's conduct in this case depends chiefly upon whether the contract between the vendor and vendee was obtained through the fraud of the agents who conducted the negotiations.   The contract is assailed at two points: First, that the title to the land affected was not good, as it should have been, and, second, that the land was mortgaged, as it should not have been.   There is no evidence that the title was not good.   The only evidence offered bearing upon the question was that part of the land was held by tax title; whether good or bad is not suggested.   The defendant accepted the contract with full knowledge of an outstanding mortgage on a statement of the vendor looking to its release.   Under these circumstances the evidence failed to show that the contract was fraudulently induced, and none of the testimony offered and rejected could have filled the gaps in the defendant's case.

When a proper contract had been signed the work of the agents was at an end, whether they undertook to produce a buyer or to make a sale.   The attempt to prove an agreement that no commission should be paid until deeds were exchanged failed, because the defendant would not testify that such was the arrangement. Whether he could impeach his note given for the commission by showing a prior parol agreement contradicting its terms need not be considered.

The defendant did not plead that he was fraudulently induced to sign the note.   He merely pleaded a misap-

Railway Co. v. Walker.

prehension of its terms, and proof of false representations concerning its contents was irrelevant to the issues.

Granting that if the land involved were the vendor's homestead his wife should have signed the contract, there is no proof that it was his homestead.

A party has no right to have the jury polled respecting an instructed verdict.

The judgment of the district court is affirmed.